IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| OGDEN UT SOLECO RETURN, LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>SOLECO, INC.; HERITAGE EQUITY FUNDING, LLC; DETENTION EASEMENT PROPERTY, LLC; and DOES 1–10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER |
| HERITAGE EQUITY FUNDING, LLC and DETENTION EASEMENT PROPERTY, LLC,<br><br>    Counterclaim-Plaintiffs,<br><br>    vs.<br><br>OGDEN UT SOLECO RETURN, LLC and DOES 1–10,<br><br>    Counterclaim-Defendants. | Case No. 1:14-cv-00050-TC |

This case centers on Plaintiff Ogden UT Soleco Return, LLC's (Ogden Soleco) claim of an easement for use of a "Detention Area." The Detention Area is a storm-water collection pond for a new shopping center in New Haven, Utah. After Ogden Soleco filed its Amended Complaint, Defendant s Heritage Equity Funding, LLC (Heritage) and

Detention Easement Property, LLC (DEP) moved to join Wal-Mart Stores, Inc. (Wal-Mart), as a necessary party under Rule 19 of the Federal Rules of Civil Procedure because Wal-Mart owns and intends to use an easement over the Detention Area.[1]  The court agrees that Wal-Mart is a necessary party and grants Defendants' motion.

## BACKGROUND

In 2007, Defendant Soleco (and despite its similar name it is distinct from Plaintiff Ogden Soleco) was working to develop a shopping center in New Haven.  One of the stores that would be part of this venture was a Wal-Mart.  Wal-Mart owned some land in the complex and worked with Soleco in the development project.  As part of the planned development, they set aside a "Detention Area" that would act as a storm-water collection pond.

Wal-Mart and Soleco entered into a "Development Agreement" on the same day they executed another agreement, "Easements with Covenants and Restrictions" (ECR). Both agreements contemplate, describe, and budget for the creation of a "Detention Area" or "Detention Pond."  Soleco's engineer, in preparation for developing the shopping center, prepared a plan called "Site Development Plan—Phase 1," which described storm water flowing from Wal-Mart's land to the Detention Area.  To accommodate this flow, the ECR expressly granted an easement from Soleco to Wal-Mart: "[T]he Developer [Soleco] hereby grants to Wal-Mart a nonexclusive

---

[1] One of the three Defendants, Soleco, Inc. (Soleco), has appeared and filed an Answer in this case, but has not weighed in on either the motion for joinder or filed counterclaims against Plaintiff Ogden Soleco.  For the remainder of this decision, the court will continue to use "Defendants" even though the term will often not include Defendant Soleco.

easement for storm water discharge and detention on and over the Detention Area together with the right to construct, maintain, repair and replace storm water and related improvements thereon."  (ECR para. 5.4.)

Sometime after these 2007 agreements were signed, Soleco defaulted on a loan, and Ogden Soleco became the new owner of some of Soleco's property.  One piece of property that Soleco retained after the default was the Detention Area.  Soleco later transferred the Detention Area to Defendant Heritage, and Heritage then transferred title to Defendant DEP.

**Wal-Mart's ownership of and intent to use an easement over the Detention Area**

In the Motion to Join a Required Party, the Defendants claim that Wal-Mart intends to exercise its right to use all of the capacity of the Detention Area leaving no storm-water capacity for any other neighboring landowner.  This assertion is supported by the declaration of  DEP's Manager, Nathan G.S. Jensen.  (ECF No. 41, at 25–30.)

Ogden Soleco objects to the consideration of DEP's declaration and claims it is based on unauthenticated documents and inadmissible, self-serving hearsay.  Defendants, in an attempt to buttress their factual assertions, submitted a declaration from the West Haven City Planner and Engineer, Steve Anderson, P.E., which includes an updated engineering plan that shows Wal-Mart's intent to use the Detention Area.  (ECF No. 48,

at 39–41.)  They also submitted Ogden Soleco's admission "that Wal-Mart has an express

easement over the Detention Area."  (Ans. Defs.' 1st Disc. Reqs. 21, ECF No. 48).[2]

Even if Odgen Soleco were correct that the declarations are founded on

inadmissible hearsay, the Defendant's assertion is almost—if not entirely—supported by

Ogden Soleco's allegations in the Amended Complaint: "Plaintiff and Wal-Mart, at this

time, would like to move forward with the development of the Shopping Center.  As part

of the development, they are entitled to use the Detention Area as envisioned in the

Development Agreement, ECR[,] and Site Development Plan—Phase 1."  (Am.

Compl. 8, ECF No. 39.)

**The relief Ogden Soleco and the Defendants seek from the court**

In Ogden Soleco's Amended Complaint, it seeks relief under eight causes of

action: (1) Slander on Title; (2) Intentional Interference with Economic Relations;

(3) Quiet Title of Easement by Implication of Prior Use; (4) Quiet Title of Easement by

Implication by Map, Boundary, or Plat; (5) Fraudulent Transfer; (6) Injunctive Relief;

(7) Breach of Covenant; and (8) Breach of Covenant of Good Faith and Fair Dealing.  All

these causes of action involve the ownership, use, or control of the Detention Area or a

storm-drainage system.

Ogden Soleco argues that it is not challenging Wal-Mart's claimed interest in the

Detention Area, but rather is trying to establish its ownership in relation to only the three

named Defendants.  (Mem. Opp'n 7 ("In no way whatsoever does the Amended

_____

[2] Before admitting Wal-Mart's ownership, Ogden Soleco objected to the
interrogatory because "it calls for a legal conclusion and seeks an admission from a non-
party to this litigation."  (Id.)  Neither of these objections is persuasive.

Complaint implicate Wal-Mart. . . . Plaintiff only seeks relief from Defendants . . . .").)

But the Amended Complaint's prayer for relief reveals that Ogden Soleco wants the court

to quiet[3] an easement against all others, including Wal-Mart.

When Defendants Heritage and DEP answered the original complaint, they filed

counterclaims against Ogden Soleco asking for a declaration that Ogden Soleco does not

own an easement.  (Ans. & Countercls. 25–27, ECF No. 27.)  In their prayer, Defendants

Heritage and DEP ask the court

> [f]or a declaratory judgment declaring that no storm
> water detention easement, other than that easement
> expressly granted to Walmart in the ECR, exists on the
> Detention [Area], and that Counterclaim Plaintiff is . . . the
> owner in fee of the Detention [Area], free and clear of any
> obligation to detain storm water from [Ogden Soleco's]
> Property, whether now or in the future, except as expressly
> set forth in writing between the owners of the respective
> properties, and that Counterclaim Plaintiff[s'] title be
> established and quieted as against all persons, both
> corporate and natural, including [Ogden Soleco].

(Id. at 36.)  Although the Defendants do not ask the court to interfere with the easement

Wal-Mart might own based on the language in the ECR, the court's potential ruling could

still affect an alternative basis for the easement (or a supplemental easement) that

Wal-Mart might have.

---

[3] Black's Law Dictionary defines "quiet" as "[t]o make (a right, position, title,
etc.) secure or unassailable by removing disturbing causes or disputes."  (10th ed. 2014).

## DISCUSSION

Rule 19 of the Federal Rules of Civil Procedure "recognizes exceptional circumstances in which the plaintiff's choice of parties or forum must give way because of an absent party's interest in the outcome of the action or involvement in the underlying dispute." Marvel Characters, Inc. v. Kirby, 726 F.3d 119, 131 (2d Cir. 2013) (citing 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1602 (3d ed. 2008)); Cross Timbers Oil Co. v. Rosel Energy, Inc., 167 F.R.D. 457, 459 (D. Kan. 1996).

The court must join an absent person if any one of the following three tests is satisfied: First, the court cannot accord complete relief among existing parties without the absent person, Fed. R. Civ. P 19(a)(1)(A); second, when the absent person claims an interest in the subject of the action and a disposition of the action in their absence may impair their ability to protect their interest, Fed. R. Civ. P. 19(a)(1)(B)(i); or third, when the absent person claims an interest in the subject of the action and a disposition of the action in their absence may expose an existing party to a substantial risk of incurring multiple, inconsistent obligations because of the interest, Fed. R. Civ. P. 19(a)(1)(B)(ii). As the moving party under Rule 19, the Defendants bear the burden of proof. Davis v. United States, 192 F.3d 951, 958 (10th Cir. 1999).

## I.     Without Wal-Mart, the court cannot accord complete relief to the existing parties.

The first test to determine the necessity of Wal-Mart's presence in this suit is whether the court can accord complete relief among the existing parties without Wal-Mart. Fed. R. Civ. P. 19(a)(1)(A). For quiet title actions, "the general rule is that '[a]

6

party who seeks to quiet title to a piece of land must join all known persons who are

claiming title in order to settle the property's ownership without additional litigation.'"

Valley View Dev., Inc. v. United States ex rel. U.S. Army Corps of Eng'rs, No. 08-CV-

363-TCK-FHM, 2011 WL 2560215, at *6 (N.D. Okla. June 28, 2011) (alteration in

original) (quoting 7 Wright & Miller, supra, § 1621); see also Cross Timbers, 167 F.R.D.

at 460; Hugoton Energy Corp. v. Plains Resources, Inc., 141 F.R.D. 320, 322 (D. Kan.

1991) (holding that royalty-interest holders were required under Rule 19(a) and

indispensable under Rule 19(b) in a suit over the validity of an oil-and-gas lease).

  In its Amended Complaint, Ogden Soleco moved to quiet title to an easement

"against all persons and parties, both corporate and natural" (Am. Compl. 18), which

would include Wal-Mart.  Ogden Soleco acknowledges that the Defendants' predecessor

in interest, Soleco, granted an easement to Wal-Mart (id. at 5), and the ECR language

expressly granted an easement to Wal-Mart (id. Ex. 2 para. 5.4, ECF No. 39-2).  And

Ogden Soleco admitted that Wal-Mart owns an easement over the Detention Area.  (Ans.

Defs.' First Disc. Requests 21.)

  The court could not declare that Ogden Soleco owns a quieted title over an

easement—or in other words, grant the Plaintiff the complete relief it seeks—without

Wal-Mart being under the court's jurisdiction.  Even if Ogden Soleco is only seeking an

easement that would co-exist with Wal-Mart's, a declaration by the court about the size

and contours of such an easement would still require Wal-Mart's presence, especially if

that interest were to be quieted against Wal-Mart.  Similarly, some of Defendants'

counterclaims could not be fully granted without Wal-Mart's presence.

II.     **A decision in Wal-Mart's absence may impair Wal-Mart's ability to protect its interest in the Detention Area.**

The court must order joinder if Wal-Mart claims an interest in the subject of the action and a disposition of the action in its absence may impair its ability to protect its interest.  Fed. R. Civ. P. 19(a)(1)(B)(i).  Rule 19 "does not require the absent party to actually <u>possess</u> an interest; it only requires the movant to show that the absent party '<u>claims an interest</u> relating to the subject of the action.'"  <u>Davis</u>, 192 F.3d at 958–59 (emphases in original) (quoting Fed. R. Civ. P. 19(a)(2)).  The court should recognize absent parties' claims unless they are fabricated or frivolous.  <u>Id.</u> (holding that to require proof that the absent person would effectively prevail on the merits "would render the Rule 19 analysis an adjudication on the merits.").

In this case, Ogden Soleco admits that Wal-Mart has an interest in the subject of the action, so unless Wal-Mart is in some way disclaiming its interest, it is highly probable that Wal-Mart is claiming a non-frivolous interest.  The potential effect of a disposition in favor of Ogden Soleco—that is, a judgment declaring that Ogden Soleco owned an easement quieted against Wal-Mart—would directly affect Wal-Mart's easement claim.  Whether the Detention Area includes only the Wal-Mart easement as opposed to two similar easements has significant implications for the management of the land.  This is especially true if Wal-Mart intends to use all the Detention Area without leaving any room for another potential owner.  This putative effect on Wal-Mart's interest is more than speculative.  It would be the same if the Defendants' counterclaims prevailed, although to a lesser degree.

Ogden Soleco argues that the Defendants can adequately represent Wal-Mart's interests and that would resolve any need for joinder.  The Court of Appeals for the Tenth Circuit recognizes that when a present party's interests are so substantially or virtually similar to the absent party, the present party may adequately represent the absentee. Kansas v. United States, 249 F.3d 1213, 1226–27 (10th Cir. 2001); Sac & Fox Nation v. Norton, 240 F.3d 1250, 1259 (10th Cir. 2001).  The advocacy of the present party would ameliorate the prejudice or impairment of the absentee's interests.  Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr., 94 F.3d 1407, 1411 (10th Cir. 1996).  And because the moving party bears the burden of proof, the Defendants must prove that their interests are not similar to Wal-Mart's.

The Defendants declare that they "have little reason to expend resources protecting the interests of Wal-Mart against Plaintiff's conflicting claims in this case." (Reply Mem. 11, ECF No. 48.)  The Defendants also claim Wal-Mart has an easement where it can use the full capacity of the Detention Area, so the Defendants seem to have no advantage one way or the other whether Wal-Mart is the sole owner of an easement. The Defendants' and Wal-Mart's interests are not sufficiently aligned to conclude that the Defendants can adequately represent Wal-Mart's interest.

## III.    A decision in Wal-Mart's absence may expose the Defendants to a real risk of incurring multiple, inconsistent obligations.

Joinder is required if Wal-Mart, as an absent entity, claims an interest in the subject of the action and a disposition of the action in their absence may expose an existing party to a substantial risk of incurring multiple, inconsistent obligations.  Fed. R. Civ. P. 19(a)(1)(B)(ii).  Whether the absentee claims an interest in the subject of the

action is resolved by the same test discussed above.  See supra Part II (citing Davis, 192 F.3d at 958–59).  And any risk of multiple, inconsistent obligations must be a real possibility; an unsubstantiated or speculative risk does not satisfy Rule 19(a)(1).  N. Arapaho Tribe v. Harnsberger, 697 F.3d 1272, 1280 (10th Cir. 2012); Sac & Fox Nation, 240 F.3d at 1259 (quoting Wright & Miller, supra, § 1604).

If Ogden Soleco were to prevail in this suit, the risk of the Defendants facing a subsequent claim from Wal-Mart would be real and substantial.  Ogden Soleco alleges and admits that Wal-Mart has an easement, and if this court were to force the Defendants to recognize an easement owned by Ogden Soleco, the potential for another suit to resolve how the two easements would interact would be more than mere speculation.

Under any one of the three Rule 19(a)(1) tests, the court is required to order the joinder of Wal-Mart.

## IV.   Wal-Mart's lack of intervention does not resolve the question of whether to join.

Ogden Soleco argues that Wal-Mart is a sophisticated party that knows how to protect its interests and it can sit on the sidelines if it so chooses.  The Court of Appeals for the Tenth Circuit has already heard this argument and 0rejected it.  Navajo Tribe of Indians v. New Mexico, 809 F.2d 1455, 1472 n.25 (10th Cir. 1987) ("To argue, as the Tribe does, that the [absent party] can protect its interest through voluntary intervention would render Rule 19(b) almost completely nugatory. . . .  Under the Tribe's argument, a court could never find a Rule 19(a)(2)(i) party indispensable under Rule 19(b), because such a party could always protect his interest by intervening." (emphasis in original)).  As

Tenth Circuit precedent makes it clear, the court cannot assume by Wal-Mart's failure to join on its own volition that it is essentially waiving its rights.

Based on the pleadings and their attached exhibits, the admissions made through discovery, and the legal arguments made in the briefing of this motion, it is clear that Wal-Mart should no longer be absent from this suit.  All three tests of Rule 19(a) instruct the court to require Wal-Mart's presence.

For these reasons, the court GRANTS the Motion to Join Wal-Mart as a Required Party.

DATED this 1st day of March, 2016.

BY THE COURT:

_Tena Campbell_

TENA CAMPBELL
U.S. District Court Judge